## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| HERMES IP MANAGEMENT LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>LENOVO GROUP LTD.,<br><br>*Defendant.* | Civil Action No. 2:25-cv-944<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Hermes IP Management LLC ("Hermes") files this Complaint against Defendants Lenovo Group Ltd. ("Lenovo" or "Defendant") and states as follows:

### NATURE OF THE CASE

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

### PARTIES

2.      Plaintiff Hermes is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 8105 Rasor Boulevard, Suite 210 Plano, Texas 75024.

3.      Defendant Lenovo Group Ltd. is a foreign company organized and existing under the laws of China, with its headquarters at 23rd Floor, Lincoln House, Taikoo Place, 979 King's Road, Quarry Bay, Hong Kong S.A.R. of China. Lenovo does business in Texas and in the Eastern District of Texas, directly or through intermediaries, such as its wholly-owned subsidiaries. Lenovo is responsible for importing, making, marketing, distributing, offering for sale, and/or

selling Lenovo-branded tablets and Motorola-branded smartphones in the United States (directly or through its wholly-owned subsidiaries), including in this District.

4.    Lenovo induces its subsidiaries, affiliates, retail partners, and customers in the making, using, selling, offering for sale, and/or importing throughout the United States, including within this District, infringing products (such as Lenovo-branded tablets and Motorola-branded smartphones) and placing such products into the stream of commerce via established distribution channels knowing or understanding that such products would be sold and used in the United States, including in the Eastern District of Texas. Lenovo purposefully directs the Accused Products into established distribution channels within this District and the U.S. nationally. For example, Lenovo sells and offers to sell the Accused Products through its websites, Lenovo.com and Motorola.com, which may be accessed throughout the United States, the State of Texas, and this District. Additionally, Lenovo has authorized sellers and sales representatives that offer for sale and sell the Accused Products throughout the State of Texas and to consumers throughout this District, such as: Best Buy, 2800 N Central Expy, Plano, TX 75074; Costco Wholesale, 3800 N Central Expy, Plano, TX 75074; Target, 7003 S Broadway Ave, Tyler, TX; and Wal-Mart, 1701 E End Blvd N, Marshall, TX 75670.

5.    Lenovo maintains a corporate presence in the United States via at least its wholly-owned subsidiaries, including Lenovo (United States) Inc. ("Lenovo US"), Lenovo Global Technology (United States) Inc. ("Lenovo Tech"), and Motorola Mobility LLC ("Motorola"). Lenovo is believed to hold 100% of the issued capital shares of each of Lenovo US, Lenovo Tech, and Motorola.  Lenovo, Lenovo US, Lenovo Tech, and Motorola are herein referred to as the "Lenovo Group."

6.     Lenovo US is a corporation organized and existing under the laws of Delaware, with a corporate headquarters located at 1009 Think Place, Morrisville, NC 27560. Lenovo US is registered to do business in the State of Texas and may be served through CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

7.     Lenovo Tech. is a corporation organized and existing under the laws of Delaware, with a corporate headquarters located at 1009 Think Place, Morrisville, NC 27560. Lenovo Tech. is registered to do business in the State of Texas and may be served through CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

8.     Motorola is a limited liability company organized and existing under the laws of Delaware, with a corporate headquarters located at 222 W. Merchandise Mart Plaza, Suite 1800 Chicago, Illinois 60654.  Motorola is registered to do business in the State of Texas and may be served through CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

9.     Lenovo and its U.S.-based subsidiaries (which act as part of a global network of sales and manufacturing subsidiaries) operate as agents of one another and vicariously as parts of the Lenovo Group to work in concert together. For example, in its 2024/25 Annual Report, Lenovo describes itself and its subsidiaries as follows:

**1   General information and basis of preparation**

Lenovo Group Limited (the "Company") and its subsidiaries (together, the "Group") develop, manufacture and market reliable, high-quality, secure and easy-to-use technology products and services. Its product lines include legendary Think-branded commercial personal computers and Idea-branded consumer personal computers, as well as servers, workstations, and a family of mobile internet devices, including tablets and smartphones.

Exhibit A, Lenovo Group Limited 2024/25 Annual Report at 179.  Therein, Lenovo identifies U.S.-based subsidiaries (including but not limited to Lenovo US, Lenovo Tech. and Motorola) in its list of "principal subsidiaries." *Id.* at 259-265. Lenovo describes its "principal subsidiaries" as follows:

> **36  Principal subsidiaries**
>
> The following includes the principal subsidiaries directly or indirectly held by the Company and, in the opinion of the directors, are significant to the results of the year or form a substantial portion of the net assets of the Group. The directors consider that giving details of other subsidiaries would result in particulars of excessive length.

*Id.* at 259.  Lenovo identifies its 2025 "Percentage of issued share capital held" for Lenovo US, Lenovo Tech., and Motorola as "100%." *Id.* at 261, 263-264. Further, Lenovo identifies the "principal activities" for Lenovo US as "[d]istribution of IT products," the "principal activities" for Lenovo Tech. as "[p]rovision of IT services and distribution of IT products," and the "principal activities" of Motorola as "[d]eveloper, owner, licensor and seller of communications hardware and software." *Id.*  As such, Lenovo US, Lenovo Tech., and Motorola are agents of Lenovo. At the direction and control of Lenovo, the U.S.-based subsidiaries (including but not limited to Lenovo US and Lenovo Tech.) make, use, import, offer to sell, and/or sell Lenovo-branded tablets and Motorola-branded smartphones that infringe the Asserted Patents, including in the State of Texas and this District.

10.     Lenovo further provides various retirement savings plans to regular, full-time, and part-time United States based employees of Lenovo US, including employees of Motorola. *Id.* at 159.

> **US Lenovo Savings Plan**
>
> US regular, full-time and part-time employees of Lenovo (United States) Inc., including employees of Motorola Mobility LLC, are eligible to participate in the Lenovo Savings Plan, which is a tax-qualified defined contribution plan under section 401(k) of the Internal Revenue Code of the United States. The Motorola Mobility 401(k) Plan merged into the Lenovo Savings Plan effective December 31, 2015. The Group matches 100% of the employee's contribution up to the first 6% of the employee's eligible compensation. Employee contributions are voluntary. All contributions, including the Group match, are made in cash, in accordance with the participants' investment elections. The Group match is immediately vested.

11.     Lenovo, alone and through its U.S.-based subsidiaries (such as Lenovo US, Lenovo Tech., and Motorola), places such infringing products into the stream of commerce via established distribution channels knowing or understanding that such products would be sold and used in the United States, including in the Eastern District of Texas. Lenovo has derived substantial revenue

from infringing acts in the United States, including from the sale and use of infringing products. *See* Ex. A at 188 (showing revenues for "Americas").

## JURISDICTION AND VENUE

12.    This action arises under the patent laws of the United States, Title 35 of the United States Code ("U.S.C.") § 101 *et seq*.

13.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

14.    This Court has personal jurisdiction over Lenovo because, directly or through wholly owned and control subsidiaries, Lenovo has committed acts within the Eastern District of Texas giving rise to this action and/or has established minimum contacts with the Eastern District of Texas such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.  Courts in Texas have concluded that Lenovo is subject to personal jurisdiction in the State of Texas. *See ACQIS LLC v. Lenovo Grp. Ltd.*, 572 F. Supp. 3d 291, 307 (W.D. Tex. 2021) ("this Court finds that the exercise of personal jurisdiction over [Lenovo Group Limited] is both reasonable and fair."); *see also AX Wireless LLC v. Lenovo Grp. Ltd.*, No. 2:22-cv-00280-WS-RSP, Dkt. No. 110 (report and recommendation) (E.D. Tex. Sept. 6, 2023) ("exercising personal jurisdiction [over Lenovo Grp. Ltd.] would not offend traditional notions of fair play and substantial justice."); *see also Universal Connectivity Tech. Inc. v. Lenovo Grp. Ltd.*, No. 2:23-cv-00449-JRG, Dkt. No. 47 (Memorandum Opinion and Order) (E.D. Tex. Oct. 17, 2024).

15.    Alternatively, this Court has personal jurisdiction over Lenovo under Fed. R. Civ. P. 4(k)(2).

16.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Lenovo, directly and/or through subsidiaries or intermediaries, has transacted business in this District and has committed acts of direct infringement in this District by, among other things, making, using,

offering to sell, selling, and importing products that infringe the Asserted Patents. Venue is also proper as to Lenovo because it is a foreign corporation organized under the laws of China and suits against foreign entities are proper in any judicial district. *See* 28 U.S.C. § 1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018).

## THE ASSERTED PATENTS

17.    On October 7, 2014, U.S. Patent Number 8,855,720 (the "'720 Patent"), entitled "Method and Apparatus for Providing a Plurality of Screens in Idle State of Mobile Terminal," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '720 Patent is attached as Exhibit B to this Complaint.

18.    The '720 Patent issued from U.S. patent application Serial Number 13/466,699 filed on May 8, 2012, claims priority to PCT application PCT/KR2006/002302 filed on June 15, 2006, and discloses and relates to setting an idle screen to be displayed in an idle state of a mobile terminal among a plurality of screens usable as the idle screen.

19.    The '720 Patent claims patent-eligible subject matter and is valid and enforceable.

20.    Hermes is the sole owner of all rights, title, and interest in and to the '720 Patent including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement of the '720 Patent.

21.    On April 4, 2017, U.S. Patent Number 9,613,060 (the "'060 Patent"), entitled "Location-Based Service Method and System Using Location Data Included in Image Data," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '060 Patent is attached as Exhibit C to this Complaint.

22.    The '060 Patent issued from U.S. patent application No. 11/911,879 filed on March 27, 2008, and claims priority to Korean patent application No. 10-2005-0032452 filed on April 19,

2005, and discloses and relates to a location-based method using image data provided by a terminal equipped with a camera.

23.    The '060 Patent claims patent-eligible subject matter and is valid and enforceable.

24.    Hermes is the sole owner of all rights, title, and interest in and to the '060 Patent including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement of the '060 Patent.

25.    On September 17, 2013, U.S. Patent Number 8,537,977 (the "'977 Patent"), entitled "Apparatus and Method for Voice Processing in Mobile Communication Terminal," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '977 Patent is attached as Exhibit D to this Complaint.

26.    The '977 Patent issued from U.S. patent application No. 12/525,050 filed on July 29, 2009, and claims priority to Korean patent application No. 10-2007-0035046 filed on April 10, 2007, and Korean patent application No. 10-2008-0016382 filed on February 22, 2008, and discloses and relates to voice processing operating with a first and a second microphone.

27.    The '977 Patent claims patent-eligible subject matter and is valid and enforceable.

28.    Hermes is the sole owner of all rights, title, and interest in and to the '977 Patent including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement of the '977 Patent.

### THE ACCUSED PRODUCTS

29.    Lenovo makes, uses, sells, offers for sale, and/or imports into the United States consumer electronics listed below that infringe various claims of the '720 Patent (the "'720 Accused Products").

30.     The '720 Accused Products include, but are not limited to the Motorola G96 5G, Edge 60 Pro, Edge 60 Fusion, Moto G86 Power, Moto G86, Edge 50 Fusion, Moto G85, Edge 60, Moto G45, Edge 50 Pro, Edge 50 Neo, Moto G35, Edge 50, Razr 60 Ultra, Moto G56, Moto G05, Edge (2025), Edge 50 Ultra, Moto G75, Edge 60 Stylus, Edge 40, Moto G84, Moto G Stylus 5G (2025), Edge 40 Neo, Moto G54, Moto G15, Moto G Stylus 5G (2024), Moto G (2025), Moto G64, Moto G Power (2025), Moto G34, Moto G55, Razr 40 Ultra, Razr 50 Ultra, Edge (2024), Razr 40, Razr 60, Moto G Play (2024), Moto G32, Moto E15, Moto G24, Razr Ultra 2025, Moto G04, Moto E13, ThinkPhone, Moto G (2024), Moto G54 Power, Edge 30 Fusion, Moto G14, Moto G Power (2024), Moto G04s, Moto E14, Moto G73, Motorola Edge 40 Pro, Edge 30, Moto G Stylus 5G (2023), Razr 2025, Razr 50, Edge+ (2020), ThinkPhone 25, Edge (2022), Moto G72, Edge 30 Pro, Moto G24 Power, Edge 60s, Edge, Moto G60, Edge (2021), Moto S50, Moto G52, Moto G 5G, Lenovo Tab v7, Lenovo Yoga Tab 13, Lenovo Yoga Smart Tab, Lenovo m10, Lenovo Tab p11 Pro, Lenovo Tab p12 Pro, Lenovo Tab p11, Lenovo Tab k11 Plus, Lenovo Tab m10 Plus, Lenovo Tab m10, Lenovo Pad Pro, Lenovo Legion y700 (2023), Lenovo Legion Tab, Lenovo Yoga Tab Plus, Lenovo Legion y700, Lenovo Legion y700 (2025), Lenovo Legion y700 (gen 4) and all other smartphones and tablets running Android 4.4 and above.

31.     Lenovo further makes, uses, sells, offers for sale, and/or imports into the United States consumer electronics listed below that infringe various claims of the '060 Patent (the "'060 Accused Products").

32.     The '060 Accused Products include, but are not limited to, the Motorola G96 5G, Edge 60 Pro, Edge 60 Fusion, Moto G86 Power, Moto G86, Edge 50 Fusion, Moto G85, Edge 60, Moto G45, Edge 50 Pro, Edge 50 Neo, Moto G35, Edge 50, Razr 60 Ultra, Moto G56, Moto G05, Edge (2025), Edge 50 Ultra, Moto G75, Edge 60 Stylus, Edge 40, Moto G84, Moto G Stylus 5G

(2025), Edge 40 Neo, Moto G54, Moto G15, Moto G Stylus 5G (2024), Moto G (2025), Moto G64, Moto G Power (2025), Moto G34, Moto G55, Razr 40 Ultra, Razr 50 Ultra, Edge (2024), Razr 40, Razr 60, Moto G Play (2024), Moto G32, Moto E15, Moto G24, Razr Ultra 2025, Moto G04, Moto E13, ThinkPhone, Moto G (2024), Moto G54 Power, Edge 30 Fusion, Moto G14, Moto G Power (2024), Moto G04s, Moto E14, Moto G73, Motorola Edge 40 Pro, Edge 30, Moto G Stylus 5G (2023), Razr 2025, Razr 50, Edge+ (2020), ThinkPhone 25, Edge (2022), Moto G72, Edge 30 Pro, Moto G24 Power, Edge 60s, Edge, Moto G60, Edge (2021), Moto S50, Moto G52, Moto G 5G, Lenovo Tab v7, Lenovo Yoga Tab 13, Lenovo Yoga Smart Tab, Lenovo m10, Lenovo Tab p11 Pro, Lenovo Tab p12 Pro, Lenovo Tab p11, Lenovo Tab k11 Plus, Lenovo Tab m10 Plus, Lenovo Tab m10, Lenovo Pad Pro, Lenovo Legion y700 (2023), Lenovo Legion Tab, Lenovo Yoga Tab Plus, Lenovo Legion y700, Lenovo Legion y700 (2025), Lenovo Legion y700 (gen 4) , and all other tablets and smartphones running Android 4.4 and above.

33.     Lenovo makes, uses, sells, offers for sale, and/or imports into the United States the consumer electronics listed below that infringe various claims of the '977 Patent (the "'977 Accused Products").

34.     The '977 Accused Products include, but are not limited to, the Motorola G96 5G, Edge 60 Pro, Edge 60 Fusion, Moto G86 Power, Moto G86, Edge 50 Fusion, Moto G85, Edge 60, Moto G45, Edge 50 Pro, Edge 50 Neo, Moto G35, Edge 50, Razr 60 Ultra, Moto G56, Moto G05, Edge (2025), Edge 50 Ultra, Moto G75, Edge 60 Stylus, Edge 40, Moto G84, Moto G Stylus 5G (2025), Edge 40 Neo, Moto G54, Moto G15, Moto G Stylus 5G (2024), Moto G (2025), Moto G64, Moto G Power (2025), Moto G34, Moto G55, Razr 40 Ultra, Razr 50 Ultra, Edge (2024), Razr 40, Razr 60, Moto G Play (2024), Moto G32, Moto E15, Moto G24, Razr Ultra 2025, Moto G04, Moto E13, ThinkPhone, Moto G (2024), Moto G54 Power, Edge 30 Fusion, Moto G14, Moto

G Power (2024), Moto G04s, Moto E14, Moto G73, Motorola Edge 40 Pro, Edge 30, Moto G Stylus 5G (2023), Razr 2025, Razr 50, Edge+ (2020), ThinkPhone 25, Edge (2022), Moto G72, Edge 30 Pro, Moto G24 Power, Edge 60s, Edge, Moto G60, Edge (2021), Moto S50, Moto G52, Moto G 5G, Lenovo Yoga Tab 13, Lenovo Yoga Smart Tab, Lenovo Tab p11 Pro, Lenovo Tab p12 Pro, Lenovo Tab p11, Lenovo Tab k11 Plus, Lenovo Pad Pro, Lenovo Legion y700 (2023), Lenovo Legion Tab, Lenovo Yoga Tab Plus, Lenovo Legion y700, Lenovo Legion y700 (2025), Lenovo Legion y700 (gen 4) and all other devices having multiple microphones with noise suppression.

**CLAIM I: INFRINGEMENT OF THE '720 PATENT**

35.     Hermes hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

36.     Lenovo directly and/or through its subsidiaries, affiliates, agents, and/or business partners, have in the past and continue to directly and/or indirectly infringe at least exemplary method claims 1-6 of the '720 Patent pursuant to 35 U.S.C. §§ 271(a) by actually practicing themselves or by inducing others to practice the claimed methods of the '720 Patent in the United States via the '720 Accused Products.

37.     For example, Lenovo directly practiced the method claims during the internal testing of the '720 Accused Products and/or indirectly induces others, such as their end user customers, to directly practice the method claims during the foreseeable and planned use of the '720 Accused Products.

38.     Lenovo further directly and/or through its subsidiaries, affiliates, agents, and/or business partners, have in the past and continue to directly infringe at least exemplary claims 8-11, 13-15 of the '720 Patent pursuant to 35 U.S.C. §§ 271(a) by making, using, selling, or offering to sell, and/or importing in the United States, the '720 Accused Products.

39.     On information and belief, the '720 Accused Products comprise a mobile terminal and practice a method for setting an idle screen to be displayed in an idle state among a plurality of screens usable as the idle screen, the mobile terminal includes a user interface configured to be operable by a user; a display unit and a control unit configured to select application programs from application programs installed in the mobile terminal, based on an input from the user interface, wherein each of the selected application programs is allocated to one of the screens so that the screens present shortcut icons of the application programs allocated thereto display, in the idle state, one of the screens as the idle screen on the display unit of the mobile terminal, wherein the currently displayed idle screen presents the shortcut icons corresponding to the application programs allocated thereto display, in response to an idle screen switch request from the user interface, a next one of the screens on the display unit according to an order of the screens, and set a currently displayed screen as the idle screen to be displayed in the idle state wherein the control unit is configured to display, on the display unit, the idle screen with indicators corresponding to the screens, and wherein an indicator corresponding to the screen, which is set as the idle screen, is displayed distinguishably from the rest of the indicators.  *See* Exhibit E.

40.     Defendants have actual notice of the '720 Patent and the infringement alleged herein at least as early as October 3, 2023.

41.     Defendants have failed to take adequate steps to determine whether or not they were infringing or would infringe the '720 Patent, despite having been on notice of and lacking permission to practice the '720 Patent.

42.     Therefore, Defendants are liable for infringement of the '720 Patent and its infringement has been and continues to be willful in nature.

43.    Plaintiff Hermes has incurred and will continue to incur substantial damages, including monetary damages.

44.    Plaintiff Hermes has been and continues to be irreparably harmed by Defendants' infringement of the '720 Patent.

45.    Therefore, Plaintiff Hermes is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

**CLAIM II: INFRINGEMENT OF THE '060 PATENT**

46.    Hermes hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

47.    Lenovo directly and/or through its subsidiaries, affiliates, agents, and/or business partners, have in the past and continue to directly and/or indirectly infringe at least exemplary method claims  1, 3, 4, 5, 6, 7, 9, 11-12 of the '060 Patent pursuant to 35 U.S.C. §§ 271(a) by actually practicing themselves or by inducing others to practice the claimed methods of the '060 Patent in the United States via the '060 Accused Products.

48.    For example, Lenovo directly practiced the method claims during the internal testing of the '060 Accused Products and/or indirectly induces others, such as their end user customers, to directly practice the method claims during the foreseeable and planned use of the '060 Accused Products.

49.    On information and belief, the '060 Accused Products practices a location-based service method using image data provided by a terminal equipped with a camera, and using location data that includes location information of the terminal, including generating first image data with the terminal at a predetermined location; receiving location data of the predetermined location; prompting a user to choose whether or not to insert the received location data into the

- 12 -

first image data to generate a second image data and, when the user chooses to do so, inserting the received location data into the first image data to generate a second image data; transmitting the second image data, the second image data including the first image data and the location data, to another terminal; receiving, at the another terminal, a selection input for an image corresponding to the second image data, from the user; displaying, at the another terminal, an image corresponding to the first image data, and a menu inquiring about whether to select a location-based service; receiving, at the another terminal, via the displayed menu, a selection input for the location-based service, from the user; receiving, at the another terminal, location-based service data corresponding to the location data of the selected second image data; and providing the location-based service to the another terminal by using the received location-based service data. *See* Exhibit F.

50.     Defendants have actual notice of the '060 Patent and the infringement alleged herein at least as early as October 3, 2023.

51.     Defendants have failed to take adequate steps to determine whether or not they were infringing or would infringe the '060 Patent, despite having been on notice of and lacking permission to practice the '060 Patent.

52.     Therefore, Defendants are liable for infringement of the '060 Patent and its infringement has been and continues to be willful in nature.

53.     Plaintiff Hermes has incurred and will continue to incur substantial damages, including monetary damages.

54.     Plaintiff Hermes has been and continues to be irreparably harmed by Defendants' infringement of the '060 Patent.

55.     Therefore, Plaintiff Hermes is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

## CLAIM III: INFRINGEMENT OF THE '977 PATENT

56.     Hermes hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

57.     Lenovo directly and/or through its subsidiaries, affiliates, agents, and/or business partners, have in the past and continue to directly infringe at least exemplary claims 6-9 of the '977 Patent pursuant to 35 U.S.C. §§ 271(a) by making, using, selling, or offering to sell, and/or importing in the United States, the '977 Accused Products.

58.     Further, Lenovo directly and/or through its subsidiaries, affiliates, agents, and/or business partners, have in the past and continue to directly and/or indirectly infringe at least exemplary method claims 18-19 of the '977 Patent pursuant to 35 U.S.C. §§ 271(a) by actually practicing themselves or by inducing others to practice the claimed methods of the '977 Patent in the United States via the '977 Accused Products.

59.     For example, Lenovo directly practiced the method claims during the testing of the '977 Accused Products and/or indirectly induces others, such as their end user customers, to directly practice the method claims during the foreseeable and planned use of the '977 Accused Products.

60.     On information and belief, the '977 Accused Products are an apparatus that practices a method for voice processing in a mobile communication terminal, including a first microphone installed on one side of the mobile communication terminal; a second microphone installed on the other side of the mobile communication terminal; a voice and noise processor for bypassing and outputting sound signals received through the first microphone and sound signals

received through the second microphone, or canceling and outputting noise from among the first and second sound signals, respectively; a voice recording function processor for encoding signals output from the voice and noise processor; and a controller for controlling operations of the voice and noise processor and the voice recording function processor based on the recording mode of the first and second sound signals.  *See* Exhibit G.

61.    Defendants have actual notice of the '977 Patent and the infringement alleged herein at least as early as October 3, 2023.

62.    Defendants have failed to take adequate steps to determine whether or not they were infringing or would infringe the '977 Patent, despite having been on notice of and lacking permission to practice the '977 Patent.

63.    Therefore, Defendants are liable for infringement of the '977 Patent and its infringement has been and continues to be willful in nature.

64.    Plaintiff Hermes has incurred and will continue to incur substantial damages, including monetary damages.

65.    Plaintiff Hermes has been and continues to be irreparably harmed by Defendants' infringement of the '977 Patent.

66.    Therefore, Plaintiff Hermes is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hermes requests that a judgment be entered in favor of Hermes and against Lenovo, and that Hermes be granted the following relief:

(i)      A finding that Lenovo has directly infringed one or more claims of the '720 Patent, either literally and/or under the doctrine of equivalents;

(ii)     A finding that Lenovo has directly infringed one or more claims of the '060 Patent, either literally and/or under the doctrine of equivalents;

(iii)    A finding that Lenovo has directly infringed one or more claims of the '977 Patent, either literally and/or under the doctrine of equivalents;

(iv)     An award of damages sufficient to compensate Hermes for Lenovo's infringement of the '720 Patent pursuant to 35 U.S.C. § 284;

(v)      An award of damages sufficient to compensate Hermes for Lenovo's infringement of the '060 Patent pursuant to 35 U.S.C. § 284;

(vi)     An award of damages sufficient to compensate Hermes for Lenovo's infringement of the '977 Patent pursuant to 35 U.S.C. § 284;

(vii)    An award of prejudgment and post-judgment interest pursuant to 35 U.S.C. § 284;

(viii)   A payment of ongoing royalties in an amount to be determined for any continued infringement after the date that judgement is entered;

(ix)     Treble damages for willful infringement as permitted under 35 U.S.C. § 284;

(x)      An award of attorneys' fees incurred in prosecuting this action, on the basis that this is an exceptional case provided by 35 U.S.C. § 285;

(xi)     An order enjoining Lenovo, its officers, subsidiaries, agents, servants, and employees, and all persons in active concert with any of the foregoing from further infringement of the Asserted Patents for their remaining life; and

(xii)    Such other and further relief as this Court shall deem appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of any and all issues triable of right before a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.


DATED: September 10, 2025                    Respectfully submitted,


By: */s/ Neal Massand*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com
Nicholas Najera
Texas Bar No. 24127049
nnajera@nilawfirm.com

NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75251
Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Plaintiff Hermes IP Management LLC*