# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HERMES IP MANAGEMENT LLC,<br><br>  Plaintiff,<br><br>v.<br><br>LENOVO GROUP LTD,<br><br>  Defendant. | Case No. 2:25-cv-00944-JRG<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT LENOVO GROUP LTD'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

I.      **THE '720 PATENT IS INELIGIBLE UNDER 35 U.S.C. § 101.**

Defendant Lenovo Group Ltd.'s ("LGL") Opening Brief (Dkt. 31, "Br.") showed that the '720 Patent asserted claims are directed to the abstract idea of organizing and displaying visual information and contain no inventive concept. *First*, Claim 1 is representative for a § 101 analysis because all other asserted claims are substantially similar and linked to the same concept. Br., 2–4. *Second*, Claim 1 focuses on the organization and/or display of visual information, which the Federal Circuit found to be an abstract idea when it analyzed a strikingly similar claim in *Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*, 50 F.4th 1371 (Fed. Cir. 2022) ("*IBM*"). Br., 4–6. *Third*, the asserted claims do not have an inventive concept that transforms the abstract idea into patent-eligible subject matter; to the contrary, the asserted claims merely apply well-understood concepts of organizing and displaying visual information to mobile terminals. *Id.*, 6–7.

***Representative claim:*** Hermes offers only a footnote to argue that Claim 1 is not representative due to Claim 8's "control unit." Dkt. 44 ("Opp."), 5–6 at n.1. But claim 8's "control unit" is configured to perform the method of Claim 1, *i.e.*, it is "substantially similar and linked to the same abstract idea." *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014). Claim 1 is representative of all asserted claims.

***Alice Step 1:*** Hermes does not dispute that the claims focus on organizing and displaying information. Rather, it argues the claims provide a user interface for a "defined computing environment"—namely, a mobile terminal. Opp., 6. That argument actually confirms Lenovo's point that the claims are directed to organizing and displaying visual information in a particular environment. Regardless, limiting the use of an abstract idea to a particular environment "is insufficient to save a claim." *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 716 (Fed. Cir. 2014).

Moreover, the asserted claims do not provide a solution "rooted in computer technology," as Hermes urges. Opp., 7. The only purportedly technical solution Hermes identifies is

"displaying, in response to an idle screen switch request, a next one of the screens according to an order of the screens." Opp, 6. But that solution is no more "rooted in computer technology" than turning the page in a book. Finally, *Core Wireless Licensing S.A.R.L. v. LG Electronics, Inc.*, 880 F.3d 1356 (Fed. Cir. 2018) is inapposite. There, the claims were directed to a particular manner of summarizing and presenting information in a user interface. *Id.* at 1362. The *Core Wireless* claims recited, *inter alia*, "an application summary that can be reached directly from the menu," which displayed a limited set of data under particular circumstances. *Id.* at 1359. The claims of the '720 Patent, by contrast, are not focused on a user interface at all, but rather "**setting** an idle screen to be displayed in an idle state." Dkt. 24-2, Cl. 1. In other words, the claims do not purport to offer an improved user interface, merely an abstract method of selecting one to display.

**Alice Step 2:** The Court should reject Hermes's argument that the claims include an inventive concept. *First*, the inclusion of "well-understood, routine, conventional activities" in claims does not supply the inventive concept necessary for patentability. *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 225 (2014). The question is whether switching between displays was conventional, **not whether doing so on a mobile terminal was novel**. *See IBM*, 50 F.4th at 1382. Switching between displays has been performed since people have played cards. Br., 6–7. *Second*, Hermes's reference to the "industrial applicability" of the claims (Opp., 10), is unavailing because that refers to an unclaimed embodiment with a "single key input." Dkt. 24-2, 7:66–8:3.

*Third,* Hermes's argument that the Court cannot grant LGL's Motion when viewing facts (e.g., the McClellan Declaration (Dkt. 24-3, "Declaration" or "Decl.")) in Hermes's favor should be rejected. *See* Opp., 1. The Declaration does not assert that switching between idle screens is unconventional. Nor does it assert that any claimed component is unconventional. At best, the Declaration asserts that before the '720 Patent, mobile terminals did not switch between idle

screens in the claimed manner. But that is irrelevant to the inventive concept analysis. Using conventional components like mobile terminals in well-understood ways is insufficient to confer patent eligibility. *In re TLI Commc'ns, LLC Patent Litig.*, 823 F.3d 607, 613 (Fed. Cir. 2016). And the Declaration should be afforded little weight because the documents it references directly contradict it. Dr. McClellan's assertion that conventional terminals comprised "a singular ***and static*** idle screen" (Decl., ¶ 14) cannot be reconciled with the evidence he cites showing a ***dynamic*** display that presents a user "the most frequently used applications." *Id.*, ¶ 16 (referencing "Active standby mode").[1] Hermes's only response to that contradiction is to characterize the argument as "confusing" and assert—without support—that the contradiction somehow renders claim construction necessary to resolve the motion. Opp., 10.

*Fourth*, Hermes's caselaw is unpersuasive. *Maxell* explained that concrete allegations in the complaint that were not contradicted by attached materials left a factual dispute. *Maxell, Ltd. v. TCL Elecs. Holdings Ltd.*, No. 5:23-CV-00108-RWS-JBB, 2025 WL 1037874, at *10 (E.D. Tex. Jan. 13, 2025). Here, the Declaration's contradiction renders Hermes's inventive concept arguments implausible. And Hermes makes no effort to show that its claims are similar to those concerning the videogaming device in *Gree, Inc. v. Supercell Oy*, No. 2:19-CV-00070-JRG-RSP, 2020 WL 4799770, at *5 (E.D. Tex. Aug. 6, 2020). This Court should follow *IBM*.

## II.  THE '060 PATENT IS INELIGIBLE UNDER 35 U.S.C. § 101.

LGL's Opening Brief likewise showed that the '060 Patent asserted claims are ineligible under § 101. They are directed to the abstract idea of collecting image and location data, associating that data, and providing content related to the associated location and image data—and

---

[1] "Active standby mode" also renders the '720 Patent's claim that "it is impossible to present another application on the same idle screen" (Opp., 2), implausible. Active standby mode presents a plurality of dynamically allocated applications on the same screen. *See* Decl., ¶ 16.

contain no inventive concept. None of Hermes's arguments alters that conclusion.

***Representative claim:*** Hermes's challenge to representativeness again rests on a footnote—this time referencing a "compression controller," without any explanation why it alters the § 101 analysis.[2] Opp., 11 n.5. A generic component performing its ordinary function as part of the same abstract process does not defeat representativeness or confer eligibility. *Content Extraction*, 776 F.3d at 1348. Claim 1 is representative of all asserted claims.

***Alice Step 1:*** Hermes asserts that the claims provide a "technological solution" to early camera phone limitations by "inserting location data into image data to create a second image data."[3] Opp., 11–12. That characterization restates the abstract idea LGL posited in the first place. "Inserting" location data into an image is merely the association of two types of information, and combining image data with location data does not render the claims concrete. *See, e.g.*, *Digitech Image Techs., LLC v. Elecs. for Imaging, Inc.*, 758 F.3d 1344, 1351 (Fed. Cir. 2014). Hermes identifies no technical mechanism for inserting location data, no data structure, and no device-level improvement to camera, GPS, or transmission technology—only the desired result. But result-oriented, functional claiming is abstract. *See Two-Way Media*, 874 F.3d at 1337–38.

Nor does LGL overgeneralize, as Hermes suggests. Opp., 12. Claim 1 recites generating image data, receiving location data, inserting that data into the image, transmitting combined data, and using it to provide related services. Describing those steps as collecting, associating, and presenting information tracks the claims precisely; the Federal Circuit has held such information-handling abstract. *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1292 (Fed. Cir. 2024).

---

[2] LGL's Opening Brief already explained why "compression" is a trivial limitation that does not change the § 101 analysis. Br. at 9 (discussing claim 2's requirement of "compressing" data).
[3] The only claim that mentions a phone is dependent claim 11, which mentions it only in the alternative: "the terminal … includes a camera phone *or* a digital camera.".

4

Hermes's attempts to distinguish *Mobile Acuity* and analogize the claims to *Contour* are unavailing. In *Mobile Acuity*, the Federal Circuit concluded claims directed to "receiving information, associating information with images, and presenting information"—squarely what the '060 Patent claims require—were abstract. 110 F.4th at 1292. And unlike *Contour*—which involved a specific technical solution that altered how a camera operated by transmitting parallel data streams to overcome bandwidth constraints—the '060 Patent claims do not change how images are captured, how location is determined, or how data is transmitted. They merely associate data and present related content, without reciting any concrete technical implementation.

*Alice Step 2:* Hermes asserts that camera phones did not geo-tag images before the '060 Patent and "embedding positional data in image files was unconventional." Opp., 3, 13–14. Hermes again conflates novelty with subject matter eligibility. *See Two-Way Media*, 874 F.3d at 1339–40. Even if embedding location data were new at the time, using conventional cameras, GPS, and transmission techniques to perform an abstract idea cannot supply an inventive concept. *See Alice*, 573 U.S. at 225.

Nor can Hermes avoid dismissal by relying on the Declaration or allegations in the Complaint. The Declaration's assertions are contradicted by the prior art on the face of the '060 Patent, which disclose inserting positional information at the time of shooting into image data and using it to provide location-based services. *See* Br. 14-15. Where intrinsic evidence contradicts allegations in the complaint, those allegations cannot preclude dismissal. *See Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 912–13 (Fed. Cir. 2017); *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 & n.2 (Fed. Cir. 2018) (holding that information in the prosecution history is "public record" and is properly considered at the pleading stage). The Court should find the '060 Patent ineligible under § 101.

Dated: January 20, 2026 Respectfully submitted,

/s/ *Melissa R. Smith*
Melissa R. Smith
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Michael E. Jones
Shaun William Hassett
**POTTER MINTON**
102 North College, Suite 900
Tyler, TX 75702
Telephone: (903) 525-2239
Facsimile: (903) 531-3939
mikejones@potterminton.com
shaunhassett@potterminton.com

Justin P.D. Wilcox (admitted in E.D. Tex.)
David Shaw (admitted *pro hac vice*)
**DESMARAIS LLP**
1899 Pennsylvania Avenue, NW, Suite 400
Washington, DC 20006
Telephone: (202) 451-4900
Facsimile: (202) 451-4901
LenovoHermesDLLPService@desmaraisllp.com

Peter Magic (admitted *pro hac vice*)
Kyle Curry (admitted *pro hac vice*)
**DESMARAIS LLP**
101 California Street, Suite 3000
San Francisco, CA 94111
Telephone: (415) 573-1900
Facsimile: (415) 573-1901
Email:
LenovoHermesDLLPService@desmaraisllp.com

Karim Oussayef (admitted *pro hac vice*)
Carson Olsheski (admitted *pro hac vice*)
Caitri Feddeler (admitted *pro hac vice*)
Amy Wann (admitted *pro hac vice*)

Paul Macri (admitted *pro hac vice*)
**DESMARAIS LLP**
230 Park Avenue, 26th Floor
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
Email: LenovoHermesDLLPService@desmaraisllp.com

*Counsel for Defendant Lenovo Group Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2026, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF filing system, which will generate and send an e-mail notification of said filing to all counsel of record.

/s/ *Melissa R. Smith*
Melissa R. Smith