UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HERMES IP MANAGEMENT LLC,<br>*Plaintiff*,<br>LENOVO GROUP LTD.,<br>*Defendant*. | Civil Action No. 2:25-cv-00944-JRG |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

## I. INTRODUCTION

LGL's Motion should be denied as it has failed to show that the claims of the '720 and '060 Patents are directed to patent ineligible subject matter. The claims are not directed to abstract ideas. Even if they were, they exhibit inventive concepts that confer patent-eligibility, and fact issues preclude granting the Motion. Also, claim 1 of the respective patents is not representative of all of the asserted claims.

## II. ARGUMENT AND AUTHORITIES

### A. The Claims of the '720 Patent Are Patent Eligible at *Alice* Step 1

LGL's contention that the claims merely apply an abstract idea to a particular environment is incorrect. Hermes contests the contentions that the claims are directed to merely organizing and displaying information and that they merely limit the use of an abstract idea to a particular environment. LGL relies on an improperly oversimplified assessment of the claims, stripping them of any context and ignoring specific limitations that solve the problems identified in the specification. Dkt. No. 47 at 2-3. Claim 1 requires allocating applications to screens for display on a display unit, setting an idle screen, displaying a next one of the screens in response to a switch request, and indicators corresponding to the screens displayed on the idle screen with the indicator of the idle screen distinguishably displayed from the others. Dkt. No. 24-2 at Claim 1. Thus, the claims viewed in their entireties have very specific limitations which show that they are far more than merely applying the idea of organizing and displaying information to a particular environment.

LGL also incorrectly argues that the claims do not provide a solution rooted in computer technology. Dkt. No. 47 at 1. LGL goes so far as to argue that the claimed inventions are "no more 'rooted in computer technology' than turning the page in a book." *Id*. at 2. But the claims contain

numerous very specific limitations which are all aimed at improving idle screens (part of the user interface) of mobile terminals and have no analogue in turning a page in a book. Further, the claims at issue, like in *Core Wireless*, are focused on a user interface with improved accessibility. *Core Wireless Licensing S.A.R.L. v. LG Electronics, Inc.*, 880 F.3d 1356 (Fed. Cir. 2018). Further, LGL ignores the problems with user interfaces of mobile terminals identified in the specification to argue "the claims do not purport to offer an improved user interface" but rather "merely an abstract method of selecting one to display." Dkt. No. 47 at 2. Overcoming the problems of singular, static idle screens is an improvement to the user interfaces of mobile terminals.

**B. The Claims of the '720 Patent are Patent Eligible at *Alice* Step 2**

The claims at issue here are directed to technological improvements to idle screens of mobile terminals. LGL ignores these technological improvements in making its analogy to playing cards. Dkt. No. 47 at 2. As stated in Hermes' Response, the claims have requirements such as selecting applications and allocating them to screens and indicators corresponding to the screens. Playing cards provide no analogue to these claim requirements.[1]

Also, the McClellan Dec. concerns what was *conventional* at the time of invention, not what was *novel*. The McClellan Dec. states quite clearly that "[c]onventional mobile terminals... comprised a singular and static idle screen." Dkt. No. 24-3 at ¶14. Dr. McClellan went on to describe how this created problems in the prior art which the inventions of the '720 Patent were directed at solving. *Id.* at ¶¶ 14-18. LGL incorrectly argues that Dr. McClellan "does not assert that switching between idle screens is unconventional." Dkt. No. 47 at 2. In fact, Dr. McClellan stated that "conventional 2006-era idle screen[s]... comprised a static idle screen... and no switching idle screens." Dkt. No. 24-3 at ¶ 15-16. LGL's reliance on *In re TLI* is misplaced for the

[1] Further, the "industrial applicability" section of the specification and many others identify more claimed than the "key input" as suggested by LGL. Dkt. No. 31 at 7.

same reason; switching between idle screens in a mobile terminal was in fact unconventional. Dkt. No. 47 at 3 (citing *In re TLI Commc'ns, LLC Patent Litig.*, 823 F.3d 607 (Fed. Cir. 2016)). LGL also incorrectly states that Dr. McClellan's "assertion that conventional terminals comprised 'a singular ***and static*** idle screen" and that the Nokia reference allows for "a dynamic display". *Id.* LGL's cropped quotation ignores the rest of Dr. McClellan's statement that "[t]here were no plurality of idle screens, no allocating applications to the plurality of screens, and no switching idle screens. The only way to toggle between applications was via tree-structured menu items or with selection key shortcuts." Dkt. No. 24-3 at ¶ 16. In this case the holding in *Maxwell* controls as there is no actual contradiction here. *See Maxwell, Ltd. v. TCL Elec. Holdings Ltd.*, No. 5:23-cv-00108-RWS-JBB, 2025 WL 1037874, at *10 (E.D. Tex. Jan. 13, 2025).

**C. The Claims of the '060 Patent are Patent Eligible at *Alice* Step 1**

LGL again mischaracterizes the claims at an impermissibly high level of generality to argue that the claims are directed to an abstract idea. Dkt No. 47 at 4-5. LGL omits mention of specific claim limitations that require the insertion of location data of one terminal into image data to effectuate the provision of location-based services at another terminal. *See*, e.g., Dkt. No 24-5 at Claim 1. The claims require inserting location data into image data to create a second image data, a system-level process that alters how image data is generated and used within a mobile terminal to enable downstream location-based services at another terminal. Dkt. No 41 at 11. This is a technology-based improvement to prior art systems. Moreover, the claims are not strictly result-oriented. Claim 1, by way of example, recites concrete user steps to achieve the provision of location-based services at another terminal including inserting location data of a first terminal into the image data to create a second image data, selecting a location-based service, and receiving location-based service data based on the inserted location data. Dkt. No. 24-5 at Claim 1. These steps amount to a technical solution to the problems of prior art camera phones. Dkt. No. 41 at 11-

12. Also, LGL wrongly states—with no support at all—that to be eligible, the claims must "change how images are captured, how location is determined, or how data is transmitted." Dkt. No. 47 at 5. There is no such requirement. Like in *Contour*, the claims here enable a terminal equipped with a camera to operate differently than it otherwise would by enabling a location-based service method using image and location data. *Contour IP Holding LLC v. GoPro, Inc.*, 113 F.4th 1373 (Fed. Cir. 2024).

**D. The Claims of the '060 Patent are Patent Eligible at *Alice* Step 2**

Contrary to LGL's arguments, the McClellan Dec. concerns what was *conventional* at the time of invention rather than what was *novel*. Dkt. Dr. McClellan stated that conventional or routine activities at the time of invention required taking a photo with a camera, acquiring GPS coordinates with a separate GPS device, time stamping both, and then using a third separate device such as a computer to correlate the two separate types of data. Dkt. 24-3 at ¶ 22. Dr. McClellan stated that "the claims are directed to features that were not found in conventional camera phones" such as embedding "positional data in image files[.]" *Id.* at ¶ 24. Dr. McClellan in no way conflated novelty with conventionality. Similarly, Dr. McClellan's statement that using a camera phone with integrated GPS to automatically correlate image data with positional data was unconventional must be taken as true at this stage. LGL's arguments that Dr. McClellan's statements are contradicted by the prior art are not supported by the very references it relies on. Dr. McClellan has declared that the capability to "efficiently embed positional data in image files" on "mobile terminals" was not feasible or conventional at the time. Dkt. 24-3 at ¶ 24. LGL points to statements in the '060 Patent related to "digital cameras" to claim that Dr. McClellan's statement is "contradicted" by the "intrinsic evidence." But LGL is incorrect as digital cameras are not mobile terminals, and where the prior art concerns camera phones it falls well short of indicating that the claim requirements

were conventional.[2] Neither *Secured Mail* nor *Data Engine* held that uncontradicted statements—like those at issue here—should be discarded. *See Secured Mail Solutions, LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 912 (Fed. Cir. 2017); *Data Engine Technologies LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018). Neither of these cases overturns the mandate of *Aatrix*, which requires denial of LGL's Motion in this case. *See Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125–28 (Fed. Cir. 2018) (holding that well-pleaded allegations of an inventive, non-conventional improvement created factual disputes precluding dismissal at Rule 12 stage).[3]

### E. Claim 1 of the Respective Patents is not Representative

In its Response, Hermes identified specific specification passages that show how the control unit of Claim 8 of the '720 Patent and the compression controller of Claim 15 of the '060 Patent are claimed hardware items performing specific functions that confirm the concrete nature of the respective claims. Dkt. No. 41 at fn. 1 and fn. 5. LGL does not address these citations, and its contention that Claim 1 of each patent is representative should be rejected.

## III. CONCLUSION

The claims of the '720 and '060 Patents are patent eligible. Therefore, LGL's motion should be denied. Alternatively and at the very least, there are fact issues that preclude granting the Motion and warranting its denial.

[2] For LGL to argue to the contrary raises issues more properly decided at the *Markman* stage, not at the pleading stage.

[3] LGL's claim that Plaintiff did not compare its claims to those in *Gree* (a case involving four patents) is misplaced and irrelevant. Even so, the claims are similar to those in the Hisoaka patents in Gree in that they too disclosed "a particular user-interface... in which content is displayed." *Gree, Inc. v. Supercell Oy*, No. 2:19-cv-00070-JRG-RSP, 2020 U.S. Dist. LEXIS 151497, at *8 (E.D. Tex. Aug. 6, 2020).

DATED: January 27, 2026

Respectfully submitted,

*/s/ Neal Massand*

Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com
Nicholas Najera
Texas Bar No. 24127049
nnajera@nilawfirm.com

NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 325-2220
Fax: (972) 314-0900

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2026, the foregoing document was filed with the Court's ECF filing system which automatically served all Counsel of record with a copy via the ECF filing system.

*/s/ Neal Massand*
Neal Massand